number 20 2275 Taylor against the United States. Mr. Dunn. Thank you and good morning to the court. May it please the court I think that this is a very straightforward procedural case and luckily we have the benefit of two of the preceding panel rejoining this case and and hearing our arguments today specifically to that to that point judge Toronto's authored opinion in the previous iteration that was before this court on page 13 starting on page 13 and continuing through the end of the case on page 14 discusses amendment of the case and when it might have been taken so our argument is very simple this morning that in affirming the trial courts dismissal without prejudice that situated the case back where it was when the decision was was entered therefore a rule 15 motion to amend to cure the deficiencies and the pleadings that it would have led to and were recognized by the court in the previous opinion to the dismissal at this point could have been cured when the case was was mandated back down to the to the trial court which is exactly what we having a hard time following this I mean even if I mean a dismissal for failure to state a claim can be without prejudice but does that doesn't mean that the case is still ongoing it there's a final judgment dismissing the case don't you have to file a rule 60 B motion and in order to reopen the case no your honor and here's the distinction if we had fought assuming we could have filed or we should have filed a rule 60 B motion after the judgment had been entered so the opinion came out and we could have done a rule 15 motion typically even after a dismissal that's recognized in several Supreme Court cases that we mentioned in our reply brief and in our opening brief but we would have been applying for a rule 60 to a court that had decided it no longer had jurisdiction only that's an opposite of only over part of the case only over part of the case is correct but if a court doesn't have jurisdiction over a portion of the case it wouldn't make sense to continue on with that case without addressing what we believed and and this court agreed was incorrect regarding that subject matter jurisdiction so it would be counterintuitive and counter to rule one for us to have been required to forgo our appeal of the subject matter question in order to pursue a amendment at that point and in reality I think that it's fair to state that whether then or now is really a question that is it should be of no consequence the rules should be read such that if we could have done it then it may and we've now been correct on our subject matter jurisdiction issue we should be able to come back to that point the rules are supposed to be read in a way that is just it would seem to be unjust that once a party elects to correct the that we would then now be precluded from coming back and filing a rule 15 motion to amend and whether it's a rule 15 or rule 60 or rule 59 as we discussed in our briefing you know those are things that those rules are not really properly tailored to this situation if you're stuck with rule 59 or rule 60 that you're out of time and can't satisfy those well we do kind of yes actually we do concede that that's the point is that if we had we don't have any of the things and a rule 59 or rule 60 that would warrant the court it's not for instance it's not my mistake it's not a newly discovered evidence it was the trial judge's mistake as to his jurisdiction that led to the case ending up in this situation so we really don't qualify under rule 59 or rule 60 you agree that when the motion to dismiss was filed in the first instance if you could and it included the allegation of failure state of claim you could have sought to amend at that point I think we could have but the argument that we make is that that would have been futile the so if this case and the previous decision addresses the sounding and tort jurisdictional question for the court of claims if our case would still have been a tort claim or and I'm sorry not a but a takings claim and not a tort claim at that point and so applying to judge Wheeler at that point would have put us in a position of saying well we still want to proceed we'll clean up the complaint and I believe that that it's it should be pretty clear he said well your your case still ultimately sounds in tort because he hadn't nothing would have changed his mind on that and so it would have been futile to come back and to argue well we've now cleaned up and we've added the physical takings issues of this and he just said well it still sounds of tort but you've at best what we could have argued is that we we've now lost a claim that this court agreed with us we did have as far as the takings with regards to the jurisdictional question that the court decided and I I saw a quick flash on my screen I didn't mean to interrupt if I had I think understood judge O'Malley to be asking whether you agree that you could have a man moved to amend not after the trial judge ruled against you and dismissed the case but after the motion to dismiss was filed before the right judge Toronto is right in his description of my question could I beg the court you wouldn't have known anything about about futility or pointlessness or what have you at that stage right well I believe we did we did feel that it was futile at that stage because of the because of the subject matter jurisdiction I apologize maybe I'm not being clear go back to the time when the government's motion was filed so you don't have any ruling at that point from the trial judge you could at that point have either without permission or with permission never mind about that for a moment thought to amend your complaint I apologize I was misunderstanding yes that that is correct we could have done that but I'm not sure that there was a we felt that there was a reason to as we pointed out in our briefing and and this court disagreed with us on that we felt that it was premature to rule on the most motion to dismiss on grounds of failure to state a claim we felt that there was sufficient so we didn't agree with that assessment so yes we could have filed a motion to amend and we could have gone ahead but we didn't agree with the government in that original motion to dismiss that the claims were insufficient in fact we argued in front of this court previously that we felt that we had sufficiently alleged the claims so therefore it would have made sense for us it might it wouldn't have asked if you we wouldn't have known futility at that point that's correct we certainly knew what we believed was that we had a pleading that satisfied Iqbal and Twombly and this court disagreed so we wouldn't we'd have had to been able to foresee that this court was going to disagree with us on that point so I might my crystal ball is good but anything in our prior decision or in the actual remand order where we actually remanded for further proceedings no no there's not and and that's why we waited for the mandate we filed a motion to amend but that's why I began by discussing this court did recognize that there is a that there was a rule 15 a amendment that could have been sought at after even after the opinion had been issued and and that's the the where do you get that from our opinion page 13 and page 14 so if we look at page 13 and 14 it very clearly discusses that any time before trial and it and before judgment had been entered we could have filed a motion to amend under 15 a before we could have done that right right so the opinion comes out we file a motion to amend before the judgment from the court comes out conceivably and and there's a period of time there where we could have done that the I'm it's a short period of time mind you but there's a period of time where we could have done that and then this would have been we could have filed that motion to amend then but again we'd run into the futility question I guess our issue is that we and good faith relied upon the the points that this court was affirming a dismissal without prejudice and it returned it to that point so if if that was the the affirmation I get the argument that we should have we could have could have or but it doesn't make any sense that those are the only two avenues when subject matter jurisdiction has been reversed and we did point to a couple cases that I just well actually I'll save those for rebuttal finish your sentence okay so we we raised an Eastern District of New York case integrated tech and development Inc versus Rosenfeld and then also the morongo band of mission Indians versus Rose from the Ninth Circuit we think that those two are illustrative of where other other districts and circuits have gone with this question and it would make sense that this court in line with those decisions should allow us to file the rule 50 should have the district court I'm sorry the the trial court should have allowed us to file the rule 15 motion considered it on its merits and then proceeded with the case all right thank you thank you we'll have your rebuttal time let's hear from mr. Yale thank your honor and may it please the court we'd like to address a few points first contrary to mr. Dunn suggestions just now this court's decision in in the first Taylor case did not provide for a remand it cannot provide for any further proceedings the tailors failed to seek rehearing and so we just don't see that there there was anything left of the case just by the plain language of the mandate so that's so that's the first point you say irrelevant whether it was dismissed without prejudice well that the tailors have certainly pointed to no case that provides for any sort of legal significance for that in the context of a situation when an appellate court affirms the trial courts dismissal for failure to say a claim even if it's with prejudice so for example you know one of the cases we cited who was a Third Circuit decision called Ahmed that that dealt with a dismissal without prejudice the fact that it's with prejudice doesn't mean that somehow there's no legal significance to the appellate courts decision again they had an opportunity to amend throughout the litigation we filed a motion to dismiss they certainly had ample opportunity it could have amended their complaint that's very common in civil litigation as everyone knows that an amended complaint could be filed certainly there was an oral argument there could have been a motion at that point you know they could have filed after the oral argument and even after the decision came out they could have you know they could have filed you know a series of motions to add additional allegations if they chose to and this is just around can I just double-check um do you agree and I think this is written about in and for example right and Miller that when a rule 15 motion to amend is filed after the initial judgment is entered that it has to be yes exactly because there's been there's been a final judgment so and that said you know I think we we cited and quoted from right and Miller's there's there's plenty of other circuits who have specifically addressed this we cited to the Calvary Christian case which essentially said exactly that that you first have to vacate the judgment under one of those two rules now as the trial court here pointed out rule 59 would would would be unavailable as a matter of timing it's also the case that rule 60 has a relatively high high standard but part of that is because this you know what the underlying purpose as that Calvary Christian case or right in there or many other cases have pointed out what we're dealing with here is finality and so this this isn't a situation where it's just in in the normal course of the litigation I mean by by the tailors how they interpret the rules where they can essentially just ignore rules 59 and rule 60 in 20 years they could file a rule 15 motion and that's and the standard and to try to amend a complaint and rule 59 and rule 60 wouldn't apply and the court would need to apply this the standard from rule 15 and and that just cannot be the case but it's it's not the case based upon precedent and also based upon just the plain language of the rules and how they work together so you know for those reasons we certainly think the trial court did not abuse its discretion we also through you know throughout the briefing below pointed out all of the reasons why just even if we were to go look at the regulatory takings claim and navigation easement claim why you know there there just wasn't a valid claim regardless and a lot of that was put aside the regulatory taking claim can you quickly summarize why you think the physical taking claim about the overflights because the new complaint provides a number of details about frequency and possible effect on the calves that the original complaint did not sure and so the first point is we still don't think and this is this was an issue that came up before that sort of these what we would characterize as sporadic overflights would really is really comparable to the situations in Cosby and some of the other cases we cited where there you know there's there's just hundreds and thousands of overflights in a you know per year and whatnot but even setting that aside even setting that aside the detail that was added makes abundantly clear that when this quick when the when that claim would have arisen is in 2009 or 2010 we have allegations that were added to the complaint that's that's saying that not only were they aware of these these overflights they had dammit they were damaging the enjoyment of the property for the tailors that's the allegation and they complained to the Air Force about them and they were so bad apparently that they were documenting them in detail and so you know even if setting aside all of the procedural problems that we think really are the bases certainly to affirm the judgment and certainly demonstrate that the trial courts decision was not an error there the the additional detail that was actually added just demonstrates why you know there's a blatant statute of limitations problem with with that particular claim although that wasn't decided was it well you know that specifically you're going to lose anyway so don't bother me with these procedural details well that's we're saying on on the procedural all for all the procedural reasons the the judgment should be affirmed because they certainly they certainly had ample reasons to you know for timeliness they had ample reasons before to amend their complaint so it's contrary to the mandate they don't go through rule 59 and rule 60 all those are basis to affirm the judgment of the trial court but even beyond that this the the trial court in its opinion also points out you know to some extent in the context of rule 60 but it also points out that if you can't state a claim then you know that's that's a that's a basis both under rule 60 and under rule 15 so is timeliness and here we alternative way to to affirm is based on futility yes it's based on futility and it's also you know it's that's the point the futility argument is also in the context that we went through in detail for example you know if you look through the regulatory takings claim and we're going through the Penn Central factors we went through and compared what was added and what was originally decided when the original complaint was adjudicated by this court and the tailors didn't provide any meaningful response to that and and sort of really deal with the first decision on the Penn Central factors in fact what they seem to suggest was that well Penn Central is very fact-intensive and so we can't you know it shouldn't be essentially decided on the motion to dismiss even though this the prior Taylor decision it you know went through went through the Penn Central factors and did did exactly that and there are numerous other cases where Penn Central has you know the application of the Penn Central factors has been used with respect to a motion to dismiss so we certainly don't think on this on this appellate record that there there's there's possibly an error in the trial courts decision and it's certainly you know the tailors certainly haven't demonstrated abuse of discretion really what they've demonstrated is that they numerous opportunities and they you know really didn't comply with the procedural rules that that are well established and with that if there's no further questions we would ask that the court affirm the judgment of the Court of Federal Claims any more questions for Mr. Yale none for me no thank you okay thank you mr. Dunn you have your rebuttal time thank you your honor so very quickly I think that the crux of the matter was just reached and the government has has acknowledged that they're basing their argument on futility futility makes up none of the decision from the trial court in this matter at this juncture it may have been and if we were going to be arguing about an abuse of discretion with regards to whether or not it's futile that that would be a different appeal than where we are right now it may and it may end up being another appeal but that's the point is that instead of reaching those grounds to look at this case the trial court skipped out and said well you you didn't use these rules that ultimately probably wouldn't have worked for you you're out of time on anyways because you didn't do this before you didn't consult your crystal ball before you before the trial court issued its decision and decide that you should amend the complaint because we disagreed we would have had to have gone ahead and agreed that our complaint was sufficient we didn't and we never did this court disagreed with us the posture should be that we should have had the opportunity to amend the complaint to see if we can meet the standards that the government is now arguing we can't in their futility the reason we didn't address those is because and and it's not part of the briefing in this case because that's not part of the decision from the lower court that's here today so we believe that the interest of justice are served by allowing these plaintiffs to go back to test the sufficiency of their actual amended complaint to see whether it meets the standards that the district court can proceed on and the case to be allowed to go forward from there that would be the just and probably I still argue the correct procedural manner for this case to proceed but I won't be labor that anymore like I said this is fairly simple but I would stand for any questions any questions for mr. Dunn I don't think so right and my thanks to both counsel the case is taken under submission